IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SIERRA PACIFIC INDUSTRIES,

        Plaintiff, Counterclaim-Defendant,      OPINION AND ORDER

v.

                                                          18-cv-853-wmc

KOLBE & KOLBE MILLWORK CO., INC.,

        Defendant, Counterclaimant.

---

Plaintiff Sierra Pacific Industries filed suit alleging that the VistaLuxe® Collection of windows and doors infringes U.S. Patent No. 8,561,365 (the "'365 patent"). (Compl. (dkt. #1) ¶ 1.) Defendant-counterclaimant Kolbe & Kolbe Millwork Co., Inc. filed an expedited motion to stay the litigation because it sought i*nter partes* review of the patent-in-suit. (Expedited Mot. Stay (dkt. #20).) Specifically, Kolbe argues that all relevant factors weigh in favor of a stay and requests that the court: (1) immediately stay the litigation pending a decision from the Patent Office on whether to institute *inter partes* review; and (2) continue the stay if the Patent Office chooses to institute review. (*Id.* at 1.)

Sierra Pacific "largely agrees that the factors . . . favor a stay in the present case, with one exception." (Resp. (dkt. #22) 1.) Specifically, Sierra Pacific contends that

> an immediate stay should . . . be conditioned on Kolbe agreeing that, should Kolbe's Petition for *Inter Partes* Review of the patent in suit be denied, Kolbe should be estopped from challenging validity on the grounds asserted and the grounds that could have been asserted in an *inter partes* review proceeding.

(*Id.*) In reply, Kolbe opposed this condition arguing that it "should not be pressed to forego due process in exchange for what amounts to a six-month stay pending an institution

decision," since it will not be fully heard during the petition stage. (Reply (dkt. #24) 2, 4.) Kolbe also notes that the Patent Office can decline to institute *inter partes* review "for reasons other than meeting the burden to show a reasonable likelihood that at least one claim is invalid." (*Id.* at 5 (citing *Deeper, UAB v. Vexilar, Inc.*, IPR2018-01310, Paper 7 (Jan. 24, 2019)).)

As the parties recognize, there are four factors the court considers in analyzing the appropriateness of a stay:

> (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court.

*SCA Hygiene Prods. Aktiebolag v. Cascades Canada, ULC*, No. 17-cv-282-wmc, 2017 WL 4484495, at *2 (W.D. Wis. Oct. 6, 2017) (quoting *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010)). In this case, there can be no dispute that litigation is still in the early stages: plaintiff filed this case in mid-October 2018; the bulk of discovery -- both fact and expert -- has yet to occur; the parties have not exchanged their proposed claim constructions; and the present deadline for dispositive motions is January 2020.

As to the other factors, Kolbe contends that they all favor a stay: (1) the delay alone is not prejudicial, particularly in light of Sierra Pacific's approximately five-year delay in bringing suit and the large number of other competitors in the marketplace (Expedited Mot. Stay (dkt. #20) 12-15); (2) if granted, *inter partes* review would likely simplify or moot issues in the litigation, both because Kolbe requested review of all claims in the '365

patent *and* in the vast majority of reviews, the Patent Office invalidates some or all challenged claims (*id.* at 8-11); and (3) continuing the case while *inter partes* review proceeded would risk the court "expend[ing] significant time and resources addressing issues and claims that could . . . be rendered moot by an IPR decision" (*id.* at 11-12).

On the other hand, Sierra Pacific contends that these factors depend in substantial part on "whether Kolbe's IPR petition will eliminate validity issues." (Resp. (dkt. #22) 2.) Specifically, Sierra Pacific concedes that a final written decision "could narrow the issues and reduce the burdens of litigating invalidity in court," but notes that such a decision would only result if the Patent Trial and Appeal Board first *grants* the request for *inter partes* review, a decision both sides agree is not likely to occur until October 2019. (*Id.*). Accordingly, Sierra Pacific argues that Kolbe's request to stay litigation now is premature, and any unconditioned stay should wait until *after* PTAB agrees to institute *inter partes* review. (*See id.* at 3-4.)

Otherwise, Sierra Pacific contends that entering an unconditioned stay at this point would give Kolbe "the tactical advantage of a six-month delay in the lawsuit based on the mere filing of an untested petition that turns out to be unmeritorious" *and* a second opportunity to present invalidity arguments that failed under a lower burden of proof. (*Id.* at 4.) Alternatively, if Kolbe were to agree to be bound by PTAB's decision *not* to institute *inter partes* review, and thereby be estopped from challenging the patent-in-suit on the grounds raised (or those that could have been raised), Sierra Pacific explains that would simplify the issues, reduce the burden of litigation, and prevent undue prejudice from befalling Sierra Pacific. (*Id.* at 3-4.) Kolbe argues that this would amount to being forced

3

to acquiesce to estoppel and the forfeiture of its due process rights before the Patent Office. (Reply (dkt. #24) 4.)

Since granting a stay in *SCA Hygiene*, this court has generally denied requests to stay litigation until the Patent Office has agreed to institute *inter partes* review for a variety of reasons. *First*, allowing a stay without *any* consequence to a party requesting *inter partes* review has the risk of encouraging frivolous or near frivolous petitions to the Patent Office -- essentially offering defendants two kicks at the cat. *Second*, whatever merit defendant may have in its argument about not waiving "due process right to a full hearing" is offset by the fact it has those rights before this court already if it withdraws the petition to the Patent Office. Likewise, plaintiff is correct that a grant of review by the Patent Office requires defendant to clear a lower bar than it would need to clear before this court. *Third*, a stay may not substantially simplify the issues or reduce the litigation burden because the Patent Office may decline to institute review or grant such a narrow review that a trial will be necessary regardless of the outcome. *See Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 13-cv-346-bbc, 2013 WL 6044407, at *3 (W.D. Wis. Nov. 14, 2013) ("[T]he fact that the Patent Office has not yet granted the petitions to review the nine patents adds an additional layer of doubt whether the *inter partes* review will even occur, let alone whether it will simplify the issues or reduce the burden of litigation for the parties or the court." (internal citations omitted)). *Fourth*, even if the Patent Office institutes review, "it is not clear that the *inter partes* review would address the issues that will be determinative in this case" because "validity is only one of many issues that may be raised in a patent case." *Id.* at *4 (citations omitted). *Fifth*, a stay at this point is not warranted because of the short

4

period of time between now and the Patent Office's decision whether to institute review.

As the parties acknowledge, the Patent Office has until October to decide whether to institute *inter partes* review. (Expedited Mot. Stay (dkt. #20) 2; Resp. (dkt. #22) 2.) Continuing to litigate for approximately the next six months will not prejudice either side, and doing so will keep this case on track should the Patent Office decline to institute review. Moreover, the court sees no meaningful risk that it will "expend significant time and resources" on this case. If Kolbe is concerned the parties will unnecessarily expend resources because a grant is likely, then it need merely consent to be bound by the petition's outcome. Accordingly, defendant's motion is denied without prejudice.

ORDER

IT IS ORDERED that defendant's expedited motion to stay litigation pending *inter partes* review (dkt. #20) is DENIED WITHOUT PREJUDICE. Should the Patent Office elect to institute review or defendant wish to reconsider its position on being bound by a denial of *inter partes* review, defendant may renew its motion to stay this litigation.

Entered this 30th day of April, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge